Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA  92614-8595
Telephone: (949) 417-0999
Facsimile:  (949) 417-5394
Email:     Steven.dailey@kutakrock.com
Email:     Jennifer.andrews@kutakrock.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY DANDRIDGE, an individual; DEBBIE DANDRIDGE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No.  EDCV 22-985-GW-SHKx<br><br>Assigned to: George H. Wu<br>Magistrate: Shashi H. Kewalramani<br><br>**ORDER DISMISSING PLAINTIFFS' THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>Complaint filed: May 12, 2022<br>Trial date: None set |

On June 8, 2023, the Court granted Defendant SELECT PORTFOLIO SERVICING, INC.' Motion to Dismiss Plaintiffs ROY DANDRIDGE's and DEBBIE DANDRIDGE's Third Amended Complaint, and each cause of action contained therein, without leave to amend.

Specifically, the Court found:

**I.    Background**

Plaintiffs Roy Dandridge and Debbie Dandridge ("Plaintiffs") originally filed this action in state court against Defendant Select Portfolio Servicing, Inc. ("SPS"), raising four causes of action for: (1) violation of Cal. Civ. Code § 2923.6; (2)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

[PROPOSED] ORDER DISMISSING PLAINTIFFS' THIRD AMENDED COMPLAINT WITH PREJUDICE

violation of Cal. Civ. Code § 2923.7; (3) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.* ("RESPA"); and (4) violation of Cal. Bus. & Prof. Code § 17200, et seq. *See* Docket No. 1-2. The lawsuit was removed to federal court. *See* Docket No. 1.

On March 2, 2023, this Court granted SPS's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") with leave to amend. *See* Docket No. 54. Plaintiffs filed a Third Amended Complaint ("TAC"), the current operative pleading, on March 27, 2023. *See* Docket No. 58. The TAC has five causes of action for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of California Civil Code § 2924c; (4) violation of RESPA; and (5) violation of Business & Professions Code § 17200, *et seq. See id*.

Before the Court is SPS's motion to dismiss the TAC ("Motion" or "Mot."), filed on April 10, 2023. *See* Docket No. 59. Plaintiffs served an opposition ("Opp.") on May 4, 2023. *See* Docket No. 64. SPS then filed a reply brief ("Reply"). *See* Docket No. 65.

Because the Court has extensively discussed the factual background of this matter in its previous orders, it will not repeat itself here. Thus, the Court incorporates the background facts as previously summarized. *See* March 1, 2023 Tentative Ruling ("Prior MTD Order"), Docket No. 53 at 1-5.

II.     **Legal Standard**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 Case 5:22-cv-00985-GW-SHK Document 70 Filed 06/08/23 Page 2 of 10 Page ID #:933 2 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

### III. Discussion[1]

SPS moves to dismiss all five of Plaintiffs' causes of action for failure to state a claim. *See generally* Mot. The Court begins the discussion by noting that all the claims raised in the TAC have been previously raised and dismissed, albeit without

---

[1] SPS filed a separate Request for Judicial Notice of 14 documents to be considered in the Court's Order on its Motion. *See* Request for Judicial Notice ("RJN"), Docket No. 60. The Court previously took judicial notice of all exhibits to the RJN, *see* Docket No. 40 at 5, and finds it appropriate to do so again here.

prejudice, by this Court. The Court instructed Plaintiffs that if they sought to bring these claims again, they must plead the causes of action with sufficient particularity and further cure any noted defects. For reasons further discussed below, Plaintiffs have failed to do so.

### 1. First Cause of Action – Breach of Contract

In its order on the last motion to dismiss, the Court found Plaintiffs' breach of contract claim based on the misapplication of the 2015 payments was time-barred. Prior MTD Order at 12.

In the TAC, Plaintiffs have not offered any new allegations that would affect the analysis of the applicable statute of limitations. Though Plaintiffs reference the discovery rule and equitable tolling in their amended complaint, *see* TAC ¶¶ 81-89, they allege no specific facts tending to show that they could not have previously discovered the alleged misapplication of payments in order to bring a timely claim. The allegations in Plaintiffs' TAC make clear that Plaintiffs knew SunTrust was not applying their post-petition payments properly as early as July 30, 2015, when SunTrust sent Plaintiffs a refund check, and then in November 2015, when SunTrust recorded a default notice on the Moreno Valley Property. *See* TAC ¶¶ 18, 20. This was sufficient to put Plaintiffs on notice of their potential breach of contract claim due to misapplication of payments.

Plaintiffs now claim equitable tolling tolls the statute of limitations here because "Plaintiffs were unable to obtain the necessary information to decide [] whether the injury was due to the wrongdoing of any of the Defendants because Plaintiffs successfully defended SunTrust's claim of the alleged 2015 default in the Bankruptcy Court." Opp. at 13. "To receive equitable tolling, a [plaintiff] bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.*

But the factual allegations of Plaintiffs' TAC do not show Plaintiffs pursued their rights diligently or made any attempt to investigate or discover the basis of their claims earlier. While the TAC states that SunTrust "disappeared" and that SPS was "often non-responsive to [Plaintiffs'] inquiries," *see* TAC ¶¶ 27, 30, the TAC also states that SunTrust "return[ed] previously applied post-petition payments," meaning the payments were not actually applied to Plaintiffs' account and remained outstanding, *see id.* ¶ 22. Because the payments were returned, Plaintiffs knew, or at least should have known, that SunTrust and/or SPS failed to apply payments to their account at the end of 2015. As the TAC currently stands, it is devoid of details regarding Plaintiffs' "inability to have made earlier discovery despite reasonable diligence." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 975 (9th Cir. 2013). Instead, Plaintiffs' allegations support the conclusion that they did not exercise reasonable diligence because Plaintiffs: (1) knew that their previously applied post-petition payments were returned, *see* TAC ¶ 22, (2) knew that their loan would not be brought current until they made all post-petition payments, *see* RJN, Ex. 9, and (3) Case 5:22-cv-00985-GW-SHK Document 70 Filed 06/08/23 Page 4 of 10 Page ID #:935 4 knew that a mortgage remained on their Moreno Valley Property.[2]

Nor do Plaintiffs identify the "extraordinary circumstances that stood in [their] way." Plaintiffs' allegations that SunTrust and/or SPS kept changing positions and failed to communicate are not extraordinary circumstances that prevented Plaintiffs, acting with diligence, from finding out about the basis of their claim within the limitations period. Even if this conduct were true, the TAC lacks any explanation of how this conduct actually prevented Plaintiffs from pursuing their rights within the four year statute of limitations. Instead, Plaintiffs chose to stop making payments,

---

[2] While Plaintiffs argue that they exercised "reasonable care" "defending their position that they made all of the 2015 post-petition payments," Opp. at 13, they were aware in 2015 that the payments were not properly applied to their account as they received numerous refund checks, *see* TAC ¶ 18. Thus, in 2015, Plaintiffs were, or should have been, on notice of their claim.

even though they knew, or at least should have known, that a mortgage remained on the Moreno Valley Property and that they remained in default on their loan. Therefore, the Court would dismiss Plaintiffs' breach of contract claim based on the misapplication of the 2015 payments – now without leave to amend – as barred by the applicable statute of limitations.

Plaintiffs also allege a second breach – that they "did not receive written notice" of a change in loan servicer, as required by the deed of trust, when SPS began servicing their loan. TAC ¶ 91. SPS contends that it did not breach Section 20 of the deed of trust as it sent Plaintiffs a letter informing them of a servicing change, even though Plaintiffs allegedly did not receive it. Mot. at 14.[3] SPS argues this is sufficient as Section 20 requires that "Borrower will be given written notice," not that it is actually received. *Id.* Regardless, the Court would agree with SPS that the TAC fails to sufficiently allege damages from this purported breach. "Causation of damages in contract cases requires that the damage be proximately caused by the defendant's breach." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1354 (2009) (citations omitted). Other than making general allegations that SPS's alleged failure to provide notice injured Plaintiffs, the TAC does not describe how the purported failure to do so injured Plaintiffs. Plaintiffs argue that "their arrears and late fees continued to increase when Plaintiffs had no idea who was servicing their loan." Opp. at 14-15. However, when the change in loan servicer occurred in 2018, Plaintiffs were already in default as they had stopped making payments for three years. As such, the "arrears and late fees" Plaintiffs complain of had already started to accrue prior to the change in loan servicer. In other words, Plaintiffs do not adequately allege injury resulting from the purported lack of written notice regarding the change in loan servicer.

In sum, the Court would dismiss Plaintiffs' breach of contract claim. The Court previously granted Plaintiffs leave to amend this claim but will not do so again. The

---

[3] The TAC acknowledges that a letter dated July 27, 2018 was sent to Plaintiffs noting the servicing change. TAC ¶ 29

Court dismisses the claim with prejudice.

### 2. Second Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing

SPS argues that Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing is also time-barred. Mot. at 15-16. The statute of limitations for breach of the implied covenant of good faith and fair dealing is four years. Cal. Code Civ. Proc. § 337(a). Plaintiffs base their claim on actions (or inaction) that allegedly took place in 2015 (*i.e.* the misapplication of payments). For the same reasons previously described above, the Court would conclude that this claim is time-barred to the extent it is based on misapplication of the 2015 payments.[4]

In addition, Plaintiffs base their breach of implied covenant claim on the theory that SPS failed to communicate with them and send them periodic statements. TAC ¶ 101. The Court previously allowed Plaintiffs an additional opportunity to plead "specific allegations concerning SPS's failure to communicate." Prior MTD Order at 14. But Plaintiffs' allegations still fall short. Plaintiffs recycle the same conclusory allegations in the SAC that SPS "was often non-responsive to their inquiries." Compare TAC ¶ 30, with SAC ¶ 30. Such an allegation lacks "facial plausibility," because there is insufficient "factual content that allows the court to draw a reasonable inference" that SPS breached the implied covenant by failing to communicate. *See Twombly*, 550 U.S. at 570. Furthermore, the TAC concedes that Plaintiffs had "more than 40 documented contacts" with SPS. TAC ¶ 46. In their opposition, Plaintiffs argue that "the quantity of communication [does] not presuppose the quality of communication." Opp. at 15. However, Plaintiffs fail to

---

[4] Moreover, the Court would find that this claim is duplicative of Plaintiffs' breach of contract claim, which is also premised on the same allegations that SPS failed to apply payments it received from Plaintiffs. Therefore, Plaintiffs' breach of implied covenant claim based on this theory is "simply duplicative [of their breach of contract cause of action], and thus may be disregarded." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1392 (1990); *see also Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1066 (C.D. Cal. 2005) (dismissing plaintiff's breach of covenant claim because it was duplicative of his breach of contract claim); *Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*, No. 5:12-cv-06209-EJD, 2013 WL 3974537, at *7 (N.D. Cal. July 31, 2013) (same).

cite to any authority holding that a purported dissatisfaction with the "quality" of communications amounts to a breach, especially where Plaintiffs concede numerous communications/contacts with SPS.

Additionally, Plaintiffs argue that SPS kept changing its "stance" in 2015 regarding Plaintiffs' post-petition arrears. *Id.* at 15-16. Specifically, Plaintiffs point to actions that SPS allegedly took in 2015. *Id.* at 16. For example, Plaintiffs argue that "Defendant took a stance that Plaintiffs owed them post-petition arrears in April 2015" and then in "June 2015, Defendant took a stance that Plaintiffs were overpaying them and sent Plaintiffs back refund checks." *Id*. Because Plaintiffs are arguing that SPS "has shown a lack of communication . . . through Defendant's constantly conflicting status of Plaintiff[s'] loan balance" and point to actions that allegedly took place in 2015, this claim also appears to fall outside the four-year statute of limitations period, for the reasons discussed above. Regardless, the Court permitted Plaintiffs one more opportunity to add specific allegations regarding SPS's failure to communicate and they failed to do so. For these reasons, the Court would dismiss the claim without leave to amend.

3. <u>Third Cause of Action – Violation of Civil Code § 2924c</u>

The Court previously dismissed Plaintiffs' cause of action for violation of California Civil Code § 2924c because they failed to plead any facts that they attempted to reinstate the loan. *See* Prior MTD Order at 16. Plaintiffs have failed to cure this defect in the TAC.

Courts routinely dismiss claims for violation of section 2924c where plaintiffs fail to allege that they tendered an offer of reinstatement. *Carson v. Bank of Am. NA*, 611 F. App'x 379, 381 (9th Cir. 2015) (upholding dismissal of plaintiff's claim because they "failed to plead facts demonstrating that they unconditionally and unambiguously offered to pay, or paid, the full reinstatement amount as to either property during the Section 2924 reinstatement period"). For example, in *Fitzgerald v. Bosco Credit, LLC,* No. 3:16-cv-01473-MEJ, 2017 WL 3602482 (N.D. Cal. Aug.

21, 2017), the plaintiff alleged that defendant provided inaccurate demands for reinstatement; however, had he been provided the correct reinstatement demand, he could have, and would have tendered the amount owed to reinstate the loan. *Id.* at *10. Because the plaintiff "allege[d] no facts that he sought to correct the reinstatement demand, that [p]laintiff actually attempted to make a payment, or that [d]efendants refused, or refused to respond to, his offer to tender payment," the court could not find that plaintiff stated a reinstatement claim. *Id.* at *11.

Similarly, in *Miller v. California Reconveyance Co.*, No. 3:10-cv-00421-IEG-(CABx), 2010 WL 2889103 (S.D. Cal. July 22, 2010), the plaintiff alleged that the Notice of Default misstated the amount necessary to cure the default in violation of California Civil Code § 2924c. Case 5:22-cv-00985-GW-SHK Document 70 Filed 06/08/23 Page 7 of 10 Page ID #:938 7 *Id.* at *10. However, the court held that it need not "accept as true [p]laintiffs' conclusory allegations" that "they would have cured the default had the Notice of Default listed the correct redemption amount." *Id.*

Just like in the SAC, Plaintiffs continue to allege in a conclusory manner that they would have, or at least could have, reinstated the loan had they been informed of the correct amount necessary to cure the default. *See* TAC ¶ 115. And just like the plaintiffs in *Fitzgerald*, Plaintiffs have not alleged any facts that they "sought to correct the reinstatement demand, that [they] actually attempted to make a payment, or that [SPS] refused, or refused to respond to, [their] offer to tender payment." 2017 WL 2602482, at *11. Although this Court permitted Plaintiffs leave to amend "to allege facts showing that they attempted to reinstate the loan," *see* Prior MTD Order at 16, Plaintiffs have failed to do so. Instead, in their opposition, Plaintiffs argue that they "sufficiently plead a violation because Plaintiffs sought to correct the reinstatement quote multiple times in 2018 and 2019" and point to paragraphs 29 and 30 in the TAC. Opp. at 17. However, these paragraphs describe the change in loan servicer and SPS's purported lack of communication with Plaintiffs. *See* TAC ¶¶ 29, 30. In short, the TAC does not adequately allege that Plaintiffs sought to correct the

reinstatement demand or attempted to cure the default by making required monthly payments. *Selznick v. Wells Fargo Bank, N.A.,* No. 2:15-cv-00812-MWF-(MANx), 2015 WL 12697874, at *6 (C.D. Cal. Apr. 10, 2015) ("Plaintiff does not allege a violation of section 2924c because she does not allege that she sufficiently tendered the amount necessary to cure her arrears."); *see* also *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1001 (2016) (where plaintiffs did not allege they attempted to cure the default by making required monthly payments, the California Court of Appeal "conclude[d] they do not adequately allege violations of section 2924c").

For at least these reasons, Plaintiffs' allegations still fall short. Since Plaintiffs already had an opportunity to fix these allegations on prior opportunities to amend, the Court would dismiss this claim without further leave to amend.

4. <u>Fourth Cause of Action – Violation of RESPA</u>

The Court previously dismissed Plaintiffs' RESPA claim because they did not adequately allege actual, pecuniary damages stemming from SPS's purported failure to respond to Plaintiffs' June 16, 2021 QWR. *See* Prior MTD Order at 18-19.

The TAC now alleges that Plaintiffs suffered actual damages in the form of "incurring Case 5:22-cv-00985-GW-SHK Document 70 Filed 06/08/23 Page 8 of 10 Page ID #:939 8 interest and fees from the time Plaintiffs sent their QWR on June 16, 2021 until Defendant's untimely reply on July 23, 2021." TAC ¶ 131. Plaintiffs argue that they have "sufficiently demonstrated recoverable damages under RESPA" because "they did specifically narrow down the time period of when they sustained the damages to provide specificity of the actual damages alleged." Opp. at 17-18.

While Plaintiffs have circumscribed the time period of purported damages, they still fail to plead that any such damages were the "direct result of [SPS's] failure to comply." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (citing 12 U.S.C. § 2605(f)(1)(A)). "A claim of a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to defendants' failure to respond to a qualified

written response." *Fullmer v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-01037-JFM, 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010); *see also Singh v. Wash. Mut. Bank*, No. 3:09-cv-02771-MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim where plaintiffs "failed to allege any facts in support of their conclusory allegation that '[a]s a result' of defendants' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees'"). Accordingly, a "plaintiff's failure to allege a pecuniary loss attributable to a servicer's failure to respond to QWRs has therefore been found to be fatal to the claim." *Robinson v. Bank of Am., N.A.*, No. 3:21-cv-00110-AJB-(DEBx), 2022 WL 837073, at *7 (S.D. Cal. Mar. 21, 2022).

      Here, the TAC's allegations indicate that Plaintiffs sent their QWR after they had already defaulted on their loan. A Notice of Default on the Moreno Valley Property was recorded on December 22, 2020 and Plaintiffs did not send the QWR until June 16, 2021. TAC ¶¶ 33, 37. Given the timing of these events, the TAC fails to allege facts plausibly showing that any claimed damages for fees and interest incurred as a result of their default were the consequence of any alleged RESPA violation. Plaintiffs' vague claim that they suffered harm because they were unable to "access[] critical account information and information regarding the loss mitigation options" between June 16, 2021 and July 23, 2021, is insufficient to demonstrate that Plaintiffs suffered actual damages as a result of SPS's failure to timely respond to the QWR. Further, while Plaintiffs could recover statutory damages under RESPA if they plead some pattern or practice of noncompliance with the statute, *see* 12 U.S.C. § 2605(f)(1)(B), the TAC here still lacks any allegations that SPS has engaged in a pattern or practice of violating RESPA. *See* generally TAC. Case 5:22-cv-00985-GW-SHK Document 70 Filed 06/08/23 Page 9 of 10 Page ID #:940 9.

      Accordingly, Plaintiffs have still failed to allege actual damages, which is fatal to their RESPA claim. The Court previously allowed Plaintiffs an additional

opportunity to plead, with specificity, "the exact damages that flowed from SPS's purported failure to respond to Plaintiffs' June 16, 2021 QWR." Prior MTD Order at 19. Plaintiffs have not heeded these directions. Therefore, the Court would dismiss the RESPA claim with prejudice.

### 5. <u>Fifth Cause of Action – Violation of California's Unfair Competition Law</u>

Plaintiffs' remaining cause of action alleges violations of California's Unfair Competition Law ("UCL"), which prohibits "any unlawful, unfair, or fraudulent business act or practice." *See* generally Cal. Bus. & Prof. Code § 17200, et seq. Since Plaintiffs' UCL claim is derivative of the other causes of action, it also necessarily fails. *See* Prior MTD Order at 20-21; *see* also Opp. at 19 (conceding that their UCL claim is tethered to SPS's purported violations of Cal. Civ. Code §2924c, breach of contract, and RESPA). Because Plaintiffs already had an opportunity to amend the deficiencies in these allegations, the Court also dismisses this claim without further leave to amend.

## IV. <u>Conclusion</u>

Based on the foregoing discussion, the Court would **GRANT** the Motion with prejudice.

Accordingly, the Court orders the entire action dismissed WITH PREJUDICE.

Dated: June 15, 2023

_____
HON. GEORGE H. WU,
U.S. DISTRICT JUDGE

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 12 -

[PROPOSED] ORDER DISMISSING PLAINTIFFS' THIRD AMENDED COMPLAINT WITH PREJUDICE